Dear Chief Crocker:
As the fire chief of the Independence Fire Department, you inquire whether your department is subject to civil service and organizational requirements set forth in state law. For the following reasons, this office is of the opinion that the statutes you referenced in your inquiry are not applicable to your department.
The provisions of La.R.S. 33:2531, et seq., establish fire and police civil service for those municipalities which have a population of not less than seven thousand and not more than thirteen thousand. According to the 2000 Census, the population of Independence was 1,724. Since the Town of Independence has a population of less than seven thousand, its firemen and police officers are not governed by these civil service laws.
You also ask whether the provisions of La.R.S. 33:1961, etseq., are applicable to the Town of Independence. These statutes are not civil service laws; rather, these statutes provide for the organization of fire departments. Specifically, you ask if the following statutes are applicable to the Town of Independence fire department: La.R.S. 33:1991 (definitional section), La.R.S. 33:1992 (minimum salaries), La.R.S. 33:1994 (maximum hours), La.R.S. 33:1995 (sick leave), La.R.S. 33:1996 (annual vacation), La.R.S. 33:1197 (penalty for violations), and La.R.S. 33:1199 (work on holidays).
It is the opinion of this office that the foregoing statutes are inapplicable to the Town of Independence, because the town does not have the population required by La.R.S. 33:1961. La.R.S. 33:1961 provides that the organizational statutes *Page 2 
apply to "any paid fire department operated by a municipality which has a population of thirteen thousand or more . . ." The organizational statutes do not apply to a municipality, such as the Town of Independence, which has a population less than 13,000. This office reached the same conclusion in several prior opinions.See La. Atty. Gen. Ops. 00-266, 78-259, 78-66, 78-4, and 78-4A, copies attached.
Because the state law governing the organization of fire departments does not apply to the Town of Independence, the municipal governing authority may by ordinance establish organizational guidelines for the fire department. As a Lawrason Act municipality, the Town of Independence is permitted to do so by La.R.S. 33:361(A), which provides that "a municipality is further authorized to exercise any power and perform any function necessary, requisite, or proper for the management of its affairs not denied by law."
In conclusion, in the absence of applicable civil service laws, and because the state organizational laws pertaining to fire departments are inapplicable here, we advise that the Town of Independence may by ordinance provide organizational guidelines for the fire department.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg